# IN THE COURT OF APPEALS OF IOWA

No. 23-0042
Filed June 7, 2023

IN THE INTEREST OF D.W. and I.W.,
Minor Children,

J.A., Father,
    Appellant,

Y.A., Mother,
    Appellant.

_____

Appeal from the Iowa District Court for Boone County, James B. Malloy,

District Associate Judge.


A mother and father separately appeal the termination of their parental

rights. **AFFIRMED ON BOTH APPEALS.**


Kelsey Knight of Carr Law Firm, P.L.C., Des Moines, for appellant father.

Matthew Mauk, Ames, for appellant mother.

Brenna Bird, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

Emily Kathleen Deronde of Deronde Law Firm P.L.L.C., Johnston, attorney

and guardian ad litem for minor children.


Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

The mother and father separately appeal the termination of their parental rights to two children: I.W., born in 2020, and D.W., born in 2021. Each challenges the grounds for termination and the finding that termination is in the children's best interests. The mother also challenges the sufficiency of the State's reasonable efforts toward reunification. After reviewing these claims de novo, *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022), we affirm on both appeals.

**I. Background Facts and Proceedings.**

The family came to the attention of the Iowa Department of Health and Human Services (HHS)[1] in February 2021, before D.W. was born. There were concerns about the parents' drug use, housing, and parenting skills, as well as concerns that the parents neglected I.W. and left her with inappropriate caretakers.

In March 2021, the father was arrested for committing domestic abuse assault against the mother in I.W.'s presence. As a result, the juvenile court removed I.W. from the parents' custody and adjudicated her a child in need of assistance (CINA) under Iowa Code section 232.2(6)(c)(2), (g), and (n) (2021). When D.W. was born in November 2021, the court removed her from the parents' custody and adjudicated her a CINA under section 232.2(6)(c)(2).

One year after I.W.'s removal, the parties were hopeful about the prospects for reunification. At the February 2022 permanency hearing, all agreed the parents should be allowed another six months to work on reunification. The court granted them more time with the expectation that the children could be returned home at

---

[1] At that time, it was known as the Iowa Department of Human Services.

the end of the six-month period.  In its May 2022 permanency review order, the court noted the "[m]any positive signs toward [the parents] regaining custody," but it wanted to see more progress.

By summer, the outlook had changed.  Sweat patch drug tests provided to the parents in June and July were compromised when the patches were removed before the parents arrived at the testing facility.  The father would not participate in additional drug testing, and he resisted therapy aimed at addressing his anger and aggression.  Neither parent was compliant in taking medications prescribed for their mental health, and they were at risk of losing housing.  Concerns arose about whether the parents were able to learn and retain the skills needed to ensure the children's safety.

At the permanency review in August 2022, the mother and father again asked for more time while HHS and the guardian ad litem recommended changing the permanency goal from reunification to termination of parental rights.  After finding that the parents would not make the changes needed to have the children returned to their custody in six months, the juvenile court directed the State to institute termination proceedings.

The State petitioned to terminate both the mother's and father's parental rights under Iowa Code section 232.116(1)(h) (2022).  After the October 2022 termination hearing, the court granted the petition and terminated the parental rights of the mother and father.  Each appeals.

**II. Discussion.**

**A. Grounds for termination**

Both the mother and father challenge the ground for termination. The court may terminate parental rights to a child under section 232.116(1)(h) if it finds:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The issue on appeal is whether the children could be returned to the parents' custody at the time of termination. *See* Iowa Code § 232.116(1)(h)(4).

We begin with the mother's claim that she has resolved the concerns that led to the children's removal.[2] She focuses on the domestic violence in the home, an issue she claims she resolved by ending her relationship with the father. But after she ended her relationship with the father, the mother began a new relationship with a partner who has a long criminal history that includes a felony drug charge. Although the mother claims she has protective capabilities and would not allow her partner around the children if she thought he was unsafe, her history with the father belies her claims. The mother also ignores the other issues that persisted related to her mental health, substance abuse, and protective

---

[2] The father also argues against termination based on the mother's progress during the case, but "one parent cannot argue for preservation of their rights based on the situation of the other parent." *In re S.O.*, 967 N.W.2d 198, 206 (Iowa Ct. App. 2021).

capabilities. At the time of termination, her visits with the children remained supervised. An HHS worker testified that the mother demonstrated improved parenting skills during supervised visits in a controlled environment, but concerns remained about her abilities during unsupervised visits in a less controlled setting. The mother's ability to protect the children remained a concern given the domestic violence in the home and the mother's history of violating protective orders. As a result, the children could not be returned to the mother's custody at the time of the termination hearing.

Turning to the father, we find he is in no better position to care for the children at the time of termination. The father downplays his failure to comply with drug testing and substance-abuse treatment, claiming that substance abuse was never a "main concern" for the family. We agree that the record shows substance abuse was one of many concerns that remained at the time of the termination hearing. Unlike the mother, the father struggled with basic parenting skills during visits. He forgot to bring necessities, needed prompting to change and feed the children, and did not interact with them. When the father lost his temper, he threw things without regard for the children's safety. He also ended visits early "because he is done even though the visit is not over." The father's inability to care for the children prevented their return to his custody.

Because the children could not be returned home at the time of the termination hearing, we affirm the termination of the mother's and father's parental rights under section 232.116(1)(h).

### B. Reasonable efforts

Next, we address the mother's claim that the State failed to make reasonable efforts toward reunification. *See* Iowa Code § 232.102(7) (2021) (stating that after removal, HHS must "make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child").[3] Any failure to make reasonable efforts will not, by itself, preclude termination of parental rights because it is not a strict substantive requirement. *In re L.T.*, 924 N.W.2d 521, 527 (Iowa 2019). Instead, the scope of the services provided impacts the State's burden of proving the children cannot be safely returned home. *Id.*

The record shows that HHS suspended services to the family from July to October 2021 while the case was transferred to a different county because of the parents relocating. On October 4, the mother moved the court to order HHS to provide reasonable efforts, including visitation. *See In re L.M.*, 904 N.W.2d 835, 839–40 (Iowa 2017) (noting that "parents have a responsibility to object when they claim the nature or extent of services is inadequate"). By the time the court addressed the motion in an order issued two weeks later, the mother was receiving two supervised visits per week. The mother now claims HHS's failure to provide reasonable efforts from July to October 2021 impacted her ability to care for the children at the time of the termination hearing.

---

[3] At the time of the CINA adjudication, this provision was codified at Iowa Code section 232.102(7) (2021). A legislative amendment that went into effect on July 1, 2022, deleted some subsections from section 232.102, reordering some of those that remained. *See* 2022 Iowa Acts ch. 1098, § 47. As a result, the provision now appears in section 232.102(6) (Supp. 2022).

The State argues the mother failed to preserve error on her reasonable-efforts claim because she never raised the issue after the court's October 2021 ruling. Even assuming the argument is preserved, it lacks merit. Considering the mother's overall lack of progress during the eighteen months between the CINA adjudication of I.W. and termination hearing, we cannot find the brief interruption in services had any bearing on the ultimate issue of whether the children could be returned to her custody.

### C. Best interests

Both parents challenge the finding that termination is in the children's best interests. We determine the children's best interests using the framework described in section 232.116(2). S*ee In re A.H.B.*, 791 N.W.2d 687, 690–91 (Iowa 2010). That provision requires that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" of the best-interests analysis are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

Because both children were in the care of the maternal grandmother, the mother and father argue that a legal guardianship with her would serve the children's best interests. "[O]ur courts have recognized the permanency and stability needs of the children must come first." *In re C.D.*, 509 N.W.2d 509, 513 (Iowa Ct. App. 1993). Guardianships are not permanent. *See* Iowa Code § 633.675(1)(c) (stating that a guardianship must terminate if the court determines it is no longer necessary). Nor are they preferred over termination. *In re A.S.*, 906

N.W.2d 467, 477 (Iowa 2018). Considering the ages of the children, a guardianship could last more than fifteen years.

Little changed in the eighteen months between I.W.'s removal and the termination hearing. The parents still cannot provide safety and stability for the children. The maternal grandmother is willing to adopt the children, which will provide the children with the permanency they need. We will not deprive the children of that by hoping that the mother and father will someday learn how to parent and provide the children with a stable home. *See In re M.W.*, 876 N.W.2d 212, 224 (Iowa 2016). Terminating the mother's and father's parental rights to allow the children's adoption serves their best interests.

### D. Application of section 232.116(3)

Finally, the mother asks us not to terminate her parental rights under section 232.116(3)(a), which provides that the court need not terminate the parent-child relationship if a relative has legal custody of the child. The decision to avoid termination based on the provisions of section 232.116(3) is "permissive, not mandatory." *A.S.*, 906 N.W.2d at 475. Whether to apply it to save the parent-child relationship depends on the unique facts of the case before us. *Id.* The parent resisting termination bears the burden of establishing one of the circumstances listed under section 232.116(3). *Id.* at 476.

Section 232.116(3)(a) does not apply. Although the mother argues the children should be placed in a legal guardianship with the maternal grandmother, they remained in the custody of HHS at the time of the termination hearing. *See In re I.V.*, No. 15-0608, 2015 WL 4486237, at *3 (Iowa Ct. App. July 22, 2015) (holding section 232.116(3)(a) does not apply when HHS has legal custody of a

child placed with a relative).  Because the children are not in the legal custody of a relative, termination cannot be avoided under section 232.116(3)(a).

**AFFIRMED ON BOTH APPEALS.**